WILSON v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF SAN JOSE.

Under the charter of the city of San Jose, an ordinance abolishing the office of street commissioner, and substituting fees instead thereof, is legal and binding on the officers.

APPEAL from the District Court of the Third Judicial District, County of Santa Clara.

Wilson, the plaintiff below, claiming to have been duly elected street commissioner of the city of San José for the period of one year, from the second Monday in April, 1855, and entitled to a salary of one hundred and twenty-five dollars per month during his term, presented his claim for nearly two months' services, which was rejected by the defendants on a number of grounds—the principal one being, that the common council, on the twenty-first of May, one thousand eight hundred and fifty-five, by an ordinance duly passed, had abolished the salary, and afterwards, upon the fourth of June, of the same year, by ordinance, had abolished the office of street commissioner.

The question as to the plaintiff's right to the salary was submitted to the Court below, in an agreed statement, as a matter of difference which might be the subject of a civil action. The Court below decided, among other points, that the plaintiff was not entitled to the salary, but rendered judgment in his favor for the value of twenty days' service, which was admitted to have been performed by him.

W. T. Wallace for Appellant.
No brief on file.

Augustus Redman for Respondents.
No brief on file.

MURRAY, C. J., delivered the opinion of the Court—TERRY, J., concurring.

The eighteenth section of the charter of the city of San José provides that the common council shall have power to create the office of city collector, and such other offices as they may deem necessary. The twenty-first section of the same act provides that all officers mentioned in the act, and those created under it, shall be elected on the second Monday of April of each year, and shall hold office for one year.

Granting that the latter section limits the power of the common council to abolish the office, or remove the incumbent, (on which we express no opinion,) still, the ninth section of the act gives the common council the power to fix the salaries of office, and a tariff of fees of officers, and we see no reason why the ordinance abolishing the office of street commissioner, and substituting fees instead thereof, is not legal and binding on the officers.

Judgment affirmed.